UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BANKRUPTCY CASE NO. 14-03464

COLLEEN P. WERKMEISTER,

    Debtor.
_____/

LISA E. GOCHA,

       Plaintiff,           ADVERSARY PROCEEDING NO. 14-80302

v.                                   DISTRICT COURT CASE NO. 1:16-cv-193

                                       HON. ROBERT J. JONKER

CREDIT ADVOCATES LAW FIRM, LLC,

    Defendant.
_____/

**ORDER**

       This case comes before the Court on Report and Recommendation from the Bankruptcy Court for the Western District of Michigan (doc. # 1-1). Plaintiff, Lisa E. Gocha, the Chapter 7 Trustee in this matter, filed a complaint to recover a fraudulent conveyance Debtor made to Defendant Credit Advocates Law Firm, LLC, and seeking a money judgment in the amount of $6,049.56 plus statutory interest against Defendant. (Complaint, *Gocha v. Credit Advocates L. Firm, LLC (In re Werkmeister)*, doc. # 1-2). Defendant failed to answer the complaint, and Plaintiff subsequently filed a motion for entry of a default judgment against Defendant. (doc. # 1-4). The Bankruptcy Court's Report and Recommendation followed.

       In its Report and Recommendation, the Bankruptcy Court concluded that default judgment against Defendant was appropriate. In *Stern v. Marshall*, 131 S. Ct. 2594 (2011), the Supreme Court

cast doubt on the authority of non-Article III courts to enter final judgment on certain types of matters. The Supreme Court's recent decisions in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014) and *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015), have decreased, but not eliminated, uncertainty over whether the Bankruptcy Court has authority to enter final judgment on this motion that involves a party that has not voluntarily and knowingly consented to entry of final judgment by a non-Article III judge. In order to promote the "just, speedy, and inexpensive determination" of the proceeding in accord with Rule 1001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Court submitted its Report and Recommendation to this Court for the entry of judgment under Rule 55 of the Federal Rules of Civil Procedure.

After reviewing the Bankruptcy Court's Report and Recommendation and the record below, the Court grants Plaintiff's motion for default and enters a money judgment in favor of Plaintiff against Defendant in the amount of $6,049.56 plus costs in the amount of $350, as recommended by the Bankruptcy Court.

**IT IS SO ORDERED**.  The Clerk of Court shall enter Judgment.

Dated:      February 24, 2016            /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE